UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RICHARD S. CADE, )
 )
                Petitioner, )
 )
        v. ) No. 4:05CV1887 FRB
 )
STEVE LARKINS,[1] )
 )
                Respondent. )

## MEMORANDUM AND ORDER

This cause is before the Court on Missouri state prisoner Richard S. Cade's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

On January 14, 2002, petitioner plead guilty in the Circuit Court of St. Louis County, Missouri, to one count of Assault First Degree and one count of Armed Criminal Action. On April 5, 2002, petitioner was sentenced to two concurrent terms of fifteen years' imprisonment. (Resp. Exh. A.) Petitioner did not seek direct appeal of his conviction or sentence. (Petn. at p. 2.) On July 1, 2002, petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035 which was

---

[1]Petitioner is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. Inasmuch as Steve Larkins is Superintendent of ERDCC, he is substituted for James Purkett as proper party respondent. Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

denied on January 15, 2003. (Resp. Exh. B.) The Missouri Court of Appeals affirmed the denial of petitioner's post-conviction motion on September 21, 2004, Cade v. State, 144 S.W.3d 322 (Mo. Ct. App. 2004) (order) (per curiam), and mandate issued October 13, 2004 (Resp. Exh. C). Petitioner pursued no other state court action. The instant petition for writ of habeas corpus, placed by petitioner in the prison mails on October 7, 2005, was filed with the Court on October 17, 2005, upon its receipt.[2] (Traverse at p. 3.)

In the instant petition, petitioner raises various claims for relief. In response, respondent contends that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1) inasmuch as direct review of petitioner's conviction and sentence concluded more than one year prior to the filing of the instant petition. For the following reasons, respondent's argument is well taken.

Pursuant to 28 U.S.C. § 2244(d)(1)(A), a person in custody pursuant to the judgment of a state court has one year from the date upon which such judgment became final within which to submit an application for writ of habeas corpus in federal court under 28 U.S.C. § 2254. For purposes of the statute, the state judgment is final upon "the conclusion of direct review or the

---

[2]Applying the prison mailbox rule, Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999), and giving petitioner the benefit of the doubt, Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002), the undersigned determines the instant petition to have been filed on October 7, 2005, the date petitioner avers that he placed the petition in the mails.

expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The time during which a properly filed application for post-conviction or other collateral review is pending in state court is excluded from this one-year limitations period. 28 U.S.C. § 2244(d)(2).

In Missouri, a judgment in a criminal case becomes final for appeal purposes when sentence is entered or imposed. Taylor v. State, 25 S.W.3d 632, 633 (Mo. Ct. App. 2000); State v. Nelson, 9 S.W.3d 687, 688 (Mo. Ct. App. 1999). Under Missouri Supreme Court Criminal Procedure Rule 30.01(d), a criminal defendant is to file his notice of appeal "not later than ten days after the judgment or order appealed from becomes final." As such, petitioner had ten days from April 5, 2002, the date his sentence was imposed, within which to seek direct review of his conviction. Because petitioner did not seek such direct review, his judgment of conviction became final for purposes of the federal habeas statute on April 15, 2002, the date upon which the time for seeking such review expired. 28 U.S.C. § 2244(d)(1)(A). Accordingly, under § 2244(d)(1)(A), petitioner had not later than April 15, 2003, by which to file an application for writ of habeas corpus in federal court under 28 U.S.C. § 2254. Petitioner did not submit the instant petition for writ of habeas corpus until October 7, 2005, nearly two and one-half years after his judgment of conviction became final and thus well after the one-year period of limitations expired.

Under 28 U.S.C. § 2244(d)(2), the one-year limitation

period for filing a federal habeas petition is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002). The pendency of post-conviction review includes the time between the trial court's denial of post-conviction relief and the filing of an appeal from the denial, Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002); and the time during the appeal process up through and including the date upon which the court of appeals issues its mandate. Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006). The ninety days within which to file a petition for writ of certiorari to the United States Supreme Court after the denial of post-conviction relief is not tolled. Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079 (2007); Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001).

In this cause, petitioner filed his motion for post-conviction relief on July 1, 2002, the denial of which was affirmed by the Missouri Court of Appeals on September 21, 2004. Mandate issued on October 13, 2004. As such, the limitations period was tolled from July 1, 2002, when petitioner filed his motion for post-conviction relief, through October 13, 2004, the date upon which the Missouri Court of Appeals issued its mandate on petitioner's appeal thereof. Petitioner filed the instant petition for writ of habeas corpus on October 7, 2005,[3] 359 days after the conclusion of appellate review of his post-conviction motion.

---

[3] See supra n.2.

The time between the date that direct review of a conviction is completed and the date that an application for state collateral relief is filed counts against the one-year limitations period. Boston v. Weber, 525 F.3d 622, 624-26 (8th Cir. 2008); Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001). As such, the time between April 15, 2002 (the date petitioner's conviction became final), and July 1, 2002 (the date petitioner filed his post-conviction motion), is not tolled and must be included in the period within which petitioner could file a federal habeas petition. Therefore, this seventy-seven day period counts against the one-year limitations period. Totaling this period with the 359-day period which elapsed subsequent to the conclusion of post-conviction appellate review, the sum of 436 days had elapsed prior to the filing of the instant habeas corpus petition. Accordingly, the petition is untimely filed under the provisions of § 2241(d)(1)(A).

Petitioner's claim that he relied on counsel's erroneous calculation of the time within which he was to file a habeas petition does not rise to the level of "extraordinary circumstances" such that it was impossible for him to timely file the instant petition. As such, equitable tolling is not justified in this cause. See Beery, 312 F.3d at 951; see also Rouse v. Lee, 339 F.3d 238, 248-49 (4th Cir. 2003) (noting that a majority of the circuits have held that basic attorney errors such as miscalculation of a filing deadline are generally insufficient to

support equitable tolling).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that petitioner Richard S. Cade's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is dismissed without further proceedings for the reason that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this cause inasmuch as petitioner has failed to make a substantial showing that he has been denied a constitutional right.

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this  _30th_  day of September, 2008.